**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO DE JESUS AMEZCUA MORALES, | No. 22-454 |
| Petitioner, | Agency No. A207-276-703 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2023**
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF, District
Judge.***

Petitioner Gerardo de Jesus Amezcua Morales petitions this court for

review of the Board of Immigration Appeals' (BIA) decision dismissing his

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

appeal of the Immigration Judge's (IJ) denial of Petitioner's applications for asylum, withholding of removal, relief under the Convention Against Torture (CAT), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(d). For the reasons provided below, we deny the petition.

1. The BIA did not abuse its discretion by failing to consider Petitioner's positive equities in denying him cancellation of removal.[1] "'When nothing in the record or the BIA's decision indicates a failure to consider all the evidence,' we will rely on the BIA's statement that it properly assessed the entire record." *Martinez v. Clark*, 36 F.4th 1219, 1230 (9th Cir. 2022) (citing *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011)). Even assuming the IJ erred by not specifically referring to a particular positive equity in in his opinion, the BIA, in exercising de novo review, balanced "all the factors referenced in the Immigration Judge's decision *and* in the [Petitioner's] brief on appeal."

Additionally, because the BIA concluded that, even assuming Petitioner was statutorily eligible for cancellation of removal, it should deny cancellation of removal as a matter of discretion, we do not address Petitioner's remaining claims that the agency erred in its statutory eligibility analysis. *See Patel v. Garland*, 142 S.Ct. 1614, 1619 (2022).

---

[1] We have jurisdiction to review whether the agency considered and weighed all relevant evidence in issuing a cancellation of removal decision. *See Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). Because the BIA reviewed the IJ's denial of cancellation of removal de novo, our review is limited to the BIA's decision. *Valenzuela Gallardo v. Lynch*, 818 F.3d 808, 813 (9th Cir. 2016).

2. Substantial evidence supports the agency's denial of Petitioner's applications for asylum and withholding because Petitioner cannot show a nexus between his feared harm and a particular social group.[2] This court has twice clearly held that variations of "Mexican citizens returning from the United States" or "returnees who are perceived as wealthy" do not qualify as particular social groups. *See Ramirez-Muñoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (rejecting particular social group of "imputed wealthy Americans"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (rejecting particular social group of "returning Mexicans from the United States"). Petitioner's proposed particular social groups are materially indistinguishable from those the court has already rejected, and so our precedent forecloses relief.

3. Substantial evidence also supports the agency's denial of CAT relief. As the agency acknowledged, state department reports show that some degree of torture occurs in Mexico with either police acquiescence or direct participation. But nothing in the record suggests that Petitioner will face a particularized risk of torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706-707 (9th Cir. 2022). The record therefore does not compel the conclusion

---

[2] We review the agency's factual findings, including whether Petitioner has established a nexus, for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Because the BIA, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), adopted and affirmed that IJ's decision with respect to asylum, withholding, and relief under CAT, we review the IJ's decision on those issues as if it were the BIA's. *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009).

that Petitioner would more likely than not be tortured if he returned to Mexico.

**PETITION DENIED.**